UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:24-cv-1393 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wesley McAnally ("Named Plaintiff"), on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Elite Fiber, LLC, John Muschalek and Linda Muschalek, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

## I. NATURE OF SUIT

1. Defendants have a business plan that includes hiring fiber optic technicians, purposefully misclassifying them as independent contractors, and refusing to pay them overtime compensation when they work more than forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Defendants engage in this course of action to keep the money they would otherwise be required to pay their fiber optic technicians under the FLSA, allowing them to gain an unfair advantage over competitors who pay their employees correctly.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Wesley McAnally is an individual residing in this judicial district. His notice of consent is attached hereto as Exhibit A.

5. At all relevant times, Named Plaintiff McAnally was an "employee" of Defendants as defined by the FLSA.

6. At all relevant times, Defendants were McAnally's "employer" as defined by the FLSA.

7. Plaintiffs are Defendants' current and former fiber optic technicians who were misclassified as independent contractors, paid on an hourly basis and who were not paid overtime premiums for any hours worked over forty in a workweek.

8. Defendant Elite Fiber, LLC is a domestic corporation formed and existing under the laws of the State of Texas.

9. Defendant Elite Fiber, LLC was an employer of Named Plaintiff McAnally and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant Elite Fiber, LLC can be served by serving its registered agent for service of process, John Muschalek at 29576 Copper Crossing, Bulverde, Texas 78163.

11. Defendants John Muschalek and Linda Muschalek are the owners of Defendant Elite Fiber, LLC.

12. Defendants John Muschalek and Linda Muschalek were both employers of Named Plaintiff

McAnally and those similarly situated as defined by 29 U.S.C. §203(d).

13. Defendant John Muschalek can be served at 29576 Copper Crossing, Bulverde, Texas 78163 or wherever else he may be found.

14. Defendant Linda Muschalek can be served at 29576 Copper Crossing, Bulverde, Texas 78163 or wherever else she may be found.

15. At all times hereinafter mentioned, John Muschalek and Linda Muschalek exercised managerial responsibilities and substantial control over Elite Fiber, LLC's employees, including Named Plaintiff McAnally, and the terms and conditions of their employment.

16. John Muschalek and Linda Muschalek had and exercised the authority to hire, fire and direct Elite Fiber, LLC's employees, including Named Plaintiff McAnally.

17. John Muschalek and Linda Muschalek had and exercised the authority to supervise and control the employment relationships and work schedules of Elite Fiber, LLC's employees, including Named Plaintiff McAnally.

18. John Muschalek and Linda Muschalek had and exercised the authority to set and determine the rate and method of pay of Elite Fiber, LLC's employees, including Named Plaintiff McAnally.

19. John Muschalek and Linda Muschalek had and exercised the authority to decide whether Elite Fiber, LLC's employees, including Named Plaintiff McAnally, received overtime compensation.

20. John Muschalek and Linda Muschalek also kept and maintained employment records for all employees of Elite Fiber, LLC, including Named Plaintiff McAnally.

### III.  JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

22. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

23. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

24. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

25. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all relevant times, Defendant Elite Fiber, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Elite Fiber, LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

28. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers and fiber optic cables, that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

29. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

30. Defendants operate a company that specializes in servicing, troubleshooting and repairing fiber optic cable in and around Bexar County and Travis County. Defendants employ fiber optic technicians, among other employees, to service and repair fiber optic cable for their customers.

31. Throughout their employment with Defendants, Named Plaintiff McAnally consistently worked more than forty hours per workweek.

32. Named Plaintiff McAnally never received overtime premiums for any hours worked over forty per workweek.

33. Instead, Named Plaintiff McAnally was paid straight time for all hours worked, even those above forty per work week.

34. Defendants regularly refused to pay Named Plaintiff McAnally overtime premiums for any hours worked over forty per work week, even though he worked, on average, approximately 60 hours per work week.

35. This was in keeping with Defendants' clearly stated policy, communicated to all employees upon being hired, that Defendants did not pay overtime compensation.

36. Although they consistently worked very long hours, well over forty hours per work week, Plaintiffs were not properly compensated for their overtime hours.

37. Defendants required Plaintiffs to work the long hours described above and thus knew that Plaintiffs regularly worked in excess of 40 hours per work week.

38. However, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and one-half of their regular rates of pay for all hours worked in excess of 40 in a work week.

39. Defendants have employed and are employing other individuals who have performed the same job duties under the same pay provisions as Named Plaintiff McAnally, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

40. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff McAnally and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI.  COLLECTIVE ACTION ALLEGATIONS

41. Named Plaintiff McAnally and the Class Members have performed the same or similar job duties as one another.  Further, Named Plaintiff McAnally and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek.  Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a work week without regard to their individualized circumstances.

42. Defendants have a policy or practice of not paying their fiber optic technicians for any hours worked over forty per workweek.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiff also applies to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All current and former fiber optic technicians employed by Defendants who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

44. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII.  PRAYER FOR RELIEF

Named Plaintiff Wesley McAnally and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants Elite Fiber, LLC, John Muschalak and Linda Muschalek, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

                                    Respectfully submitted,

                                    Welmaker Law, PLLC

                                    <u>/s/  Douglas B. Welmaker</u>
                                    Douglas B. Welmaker
                                    Attorney-in-Charge
                                    State Bar No. 00788641
                                    409 N. Fredonia, Suite 118
                                    Longview, Texas 75601
                                    (512) 799-2048
                                    Email: doug@welmakerlaw.com

                                    **ATTORNEY FOR PLAINTIFFS**