IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br>    Plaintiffs <br><br> vs. <br><br> ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK <br>    Defendants | § § § § § § § § § § § § § CIVIL ACTION NO. 5:24-cv-1393-JKP-HJB |

**DEFENDANTS' NOTICE OF APPEARANCE, MOTION TO SET ASIDE CLERK ENTRY OF DEFAULT, AND MOTION FOR LEAVE TO EXTEND TIME TO FILE ANSWER AND RESPONSIVE PLEADING PRIOR TO ENTRY OF DEFAULT JUDGMENT, AND, SUBJECT THERETO, MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant would respectfully show as follows:

## I.
## INTRODUCTION

1.    Defendants were in discussions with Counsel regarding representation over the last two weeks, and retained Counsel, the undersigned, on March 13, 2025. Defendants were delayed in retention several days by an email typographical error in returning Counsel's engagement letter. Defendants' Counsel was unaware of Deputy Clerk Rodriguez' Default entry of March 7, 2025. Counsel is out of the office on vacation today, but intends to file Defendants' Original Answer and any 12(b) or other relevant Motions as soon as possible. Defendants and Counsel move for leave to file such pleadings within ten (10) days of today's date.

1

2.  Defendants are responsible business owners with meritorious defenses, and justice will be best served by setting aside the default entry, allowing leave for prompt and orderly proceedings, and Defendants have good cause for the relief requested.

3.  Plaintiffs' Motion for Entry is facially defective, and failed to use diligence in serving Defendants – Defendants moved to Floresville in November of 2024, they are not impossible to find, and Plaintiffs' process servers' affidavit regarding efforts to serve their old address in Bulverde clearly reflects that Plaintiff knew that Defendants had moved, and that no legitimate efforts at service were attempted. Plaintiffs' Motion also reflects that the only actual attempt to serve Defendants at their address was done without cars present, a dark house, and mail stacked up. Defendants only discovered the existence of the suit recently, and have acted in good faith to prepare a defense.

**II.**
**PRELIMINARY MOTION TO DISMISS SUBJECT TO RELIEF REQUESTED**

*Plaintiffs failed to serve Defendants properly, and had no valid grounds for substituted service*

4.  Plaintiffs' affidavit filed in support of substituted service demonstrates a lack of reasonable efforts at service – the Server only attempted service during the Christmas and New Year's holidays, and noted that there were no signs that anyone had been home at all during his attempts on 12-16-24, 12-23-24, 12-27-24, all noting that mail was stacked up, the house was dark, and the neighbors said they had not seen anyone at the house, as well as noting that the house was empty and there were moving boxes inside! *See* Exhibit 1. They knew that this was not a proper address, and that Defendants were not dodging service. Counsel was able to locate Defendants' current

address with a simple online search. The attempt at the proper address was made obviously knowing that Defendants were gone for Christmas.

5. Defendants moved in November of 2024 from the address of service in Bulverde, Texas, to 817 Paddy Rd., Floresville, Texas 78114. Defendants engaged in discussions with the view to retaining counsel just two weeks ago, without knowledge that a default was imminent. Defendants attempted to retain counsel last week, but was unable to return the engagement letter until yesterday due to an email typographical error. The court should dismiss for lack of service under F.R.C.P. 4(m), 12(b)(4) and (5), and as without service, there is no jurisdiction over Defendants. F.R.C.P. 12(b)(2).

6. Plaintiffs further failed to state a claim for which relief can be granted pursuant to F.R.C.P. 12(b)(6). Plaintiffs, like all other contractors, was clearly an independent contractor in working with Defendants. Plaintiffs failed to address, much less affirmatively plead, almost any of the elements of their entire cause of action, the factors affecting a legal analysis of an employment relationship, much less any grounds for asserting a class.

**THE COURT SHOULD SET ASIDE ITS ORDER FOR ALTERNATIVE SERVICE AS PLAINTIFFS' MOTION WAS INSUFFICIENT, AND DISMISS FOR LACK OF SERVICE - F.R.C.P. 4(m), 12(b)(4) and (5)**

7. Jurisdiction is dependent upon citation issued and served in a manner provided for by law regardless of actual notice. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Attempts at service on an obviously vacant house, without effort to find not effective – nor are attempts at service solely during the Christmas and New Year's holiday appropriate. *Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 65

(Tex. App. 1992). There are no grounds for "fear for the life of a process server" based upon the record. This record, if fully disclosed, would not have properly supported alternative service. *Id. See Cruz v. Louisiana*, 528 F.3d 375, 379 (5th Cir. 2008).

### III.
### MOTION TO SET ASIDE ENTRY OF DEFAULT

8. Plaintiff's Motion for Entry of Default was facially deficient as it lacked the required verification, supporting facts, and military service affidavit, and other formalities. F.R.C.P. 55(a), *Enron Oil Corp. v. Diakuhura*, 10 F.3d 90, 95 (2nd Cir. 1993); 50 U.S.C. 3931(c). Pursuant to F.R.C.P. 55(c), the Clerk's default entry should be set aside.

9. Further, good cause exists to set aside the Entry, and granting the relief requested herein will further the interests of justice. No prejudice will result to Plaintiffs, Defendants have a meritorious defense, and a default judgment would have a tremendously harsh result for Defendants. *See e.g. Enron Oil,* 10 F.3d at 96. Defendants acted expeditiously to correct the error in answering. *In Re OCA, Inc*. 551 F.3d 359 (5th Cir. 2008).

### IV.
### MOTION FOR LEAVE TO FILE RESPONSIVE PLEADINGS

10. Defendants respectfully request not less than ten (10) days from the date hereof to prepare and file proper responsive pleadings, and avoid default judgment.

4

# V.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court enter an Order for the following relief:

1. That the Court dismiss Plaintiffs' case on the grounds set forth herein;

2. In the alternative, that the Court deny Plaintiffs' Motion for Default, set aside the Clerk's Entry of Default, and grant leave for Defendants' Counsel to appear, and that they may timely file responsive pleadings not less than ten (10) days from the date of this Motion.

3. Such other and further relief at law or in equity to which Defendants may be justly entitled.

Respectfully submitted,

**RB LEGAL GROUP, PLLC**

/s/ *Scott Breitenwischer* (*signed w/ Permission*)
_____
Scott Breitenwischer
FBN: 10827
SBN: 02947695
215 S. 4th Street
Wallis, TX 77485
713/974-1333 (Telephone)
713/974-5333 (Facsimile)
SBreitenwischer@RBLegalGroup.com
Notice@RBLegalGroup.com

**COUNSEL FOR DEFENDANTS ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK**

**DESIGNATED E-SERVICE EMAIL ADDRESS**
**The following is the undersigned attorney's designated e-service email address for all eserved documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a) and FED. R. CIV. P. 5: NOTICE@RBLEGALGROUP.COM. This is the undersigned's only e-service email address,**

**and service through any other email address will be considered invalid.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel affirms that he contacted opposing counsel on March 14, 2025 via phone regarding this Motion.  Plaintiffs' counsel is not opposed to the Motion for Leave and the Motion to Set Aside Clerk Entry of Default.

/s/ Christopher Ramey

_____

Christopher Ramey

## CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of March 2025, my office served a true and correct copy of the foregoing instrument in accordance with the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System, which will automatically serve a notice of electronic filing to the following counsel of record:

Douglas B. Welmaker
409 N. Fredonia, Suite 118
Longview, TX 75601
doug@welmakerlaw.com

/s/ *Scott Breitenwischer* (*signed w/ Permission*)

_____

Scott Breitenwischer