UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*<br><br>v.<br><br>ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK, INDIVIDUALLY<br><br>*Defendants* | §§§§§§§§§§§§§§§  CASE NO. 5:24-CV-1393 |

### DEFENDANTS' COMBINED MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT OF PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COME NOW, Defendants Elite Fiber LLC, John Muschalek, and Linda Muschalek (hereinafter referred to as "Defendants"), and file this their Combined Motion to Dismiss and Motion for a More Definite Statement of Plaintiff's Original Complaint pursuant to Rule 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, respectfully showing unto the Court the following:

### I.
### INTRODUCTION

1.  Elite Fiber, LLC, ("Elite Fiber") is a Texas based entity that provides independent contractor technicians with opportunities to work on various projects that originate from third-party vendors. Elite Fiber does not employ any technicians, but rather, provides independent contractor technicians—who are either individuals or entities—with the opportunity to work on a project that a third-party vendor has hired Elite Fiber for.

2.  Plaintiff Wesley McAnally is an independent contractor fiber optic technician who was provided with opportunities to work on various projects originating from third-party vendors by Elite Fiber. Plaintiff McAnally, at all times relevant, was an independent contractor who created his own work schedule, controlled the methods and manner of his work, and only worked on projects he specifically chose to work on. Moreover, Plaintiff McAnally worked exclusively in Texas on Texas projects.

3.  Defendants move the Court to dismiss all of Plaintiff's claims against Defendants for failure to state a claim to which relief can be granted under FED. R. CIV. P. 12(b)(6), or in the alternative for more definite pleading under 12(e).

## II.
## SUMMARY OF THE MOTION

4.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants request this Court to dismiss all of Plaintiff's claims for the following reasons:

   1. **The Court should dismiss Plaintiff's Original Complaint under FRCP 12(b)(6) because there are no allegations of facts pled evidencing an employment relationship between Elite Fiber and Plaintiff McAnally, and Plaintiff's pleadings are conclusory, speculative, and do not entitle Plaintiff to relief.**

   2. **The Court should dismiss Plaintiff's Original Complaint under FRCP 12(b)(6) against Defendant Linda Muschalek because there is no evidence that Linda Muschalek is a member, manager, or officer of Elite Fiber, nor that she engaged in any personal conduct giving rise to any duty to Plaintiff.**

5.  Alternatively, under Federal Rule of Civil Procedure 12(e), Defendants request that if the Court believes dismissal is not warranted, Plaintiff be ordered to make a more definite statement concerning the allegations in Plaintiff's Original Complaint complained of above.

## III.
## ARGUMENTS AND AUTHORITIES

6. A plaintiff must plead enough facts to state a claim to relief that is plausible on its face to survive a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007); *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), *cert. denied,* 552 U.S. 1182 (2008). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Twombly,* 550 U.S. at 557; *Iqbal,* 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, **a plaintiff's obligation** to provide the grounds of his entitlement to relief **requires more than labels and conclusions**, **and a formulaic recitation of the elements of a cause of action will not do**." *Twombly,* 550 U.S. at 555 (emphasis added).

1. **The Court should dismiss Plaintiff's Original Complaint under FRCP 12(b)(6) because the facts pled concerning the employment relationship between Elite Fiber and Plaintiff McAnally are conclusory, speculative, and do not entitle Plaintiff to relief.**

7.     The following "facts" form the backbone of the Plaintiff's complaint as they pertain to the employment relationship between Defendants and Plaintiff:

> 15. At all times hereinafter mentioned, John Muschalek and Linda Muschalek exercised managerial responsibilities and substantial control over Elite Fiber, LLC's employees, including Named Plaintiff McAnally, and the terms and conditions of their employment.
>
> 16. John Muschalek and Linda Muschalek had and exercised the authority to hire, fire and direct Elite Fiber, LLC's employees, including Named Plaintiff McAnally.
>
> 17. John Muschalek and Linda Muschalek had and exercised the authority to supervise and control the employment relationships and work schedules of Elite Fiber, LLC's employees, including Named Plaintiff McAnally.
>
> 18. John Muschalek and Linda Muschalek had and exercised the authority to set and determine the rate and method of pay of Elite Fiber, LLC's employees, including Named Plaintiff McAnally.

Plaintiff's Original Complaint ¶ 15 – 18, *McAnally v. Elite Fiber LLC et al.*, No. 5:24-CV-1393 (W.D. Tex. Dec. 6, 2024).

8.     The statements pled by Plaintiff are threadbare, conclusory, and at best, formulaic recitations of the elements of a cause of action under the FLSA. As an aid to help determine whether a complaint fails to state a claim under 12(b)(6), the Supreme Court in *Iqbal*, prescribed a "two-pronged approach." *Iqbal,* 556 U.S. at 679. Under prong 1, the court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.

9.     Defendants assert that paragraphs 15 -20 of Plaintiffs Original Complaint—which are the only "facts" pled that pertain to an employment relationship between Plaintiff and Defendants— are all conclusory.  They do not constitute any allegation that Plaintiff's clear independent contractor status should instead be construed as an employment relationship.  Here is why.

   A.  <u>Paragraph 15 and 17 of Plaintiff's Original Complaint lack facts on how managerial responsibilities, substantial control, and authority to supervise were exercised by Defendants.</u>

10.     A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (emphasis added).

11.     Paragraph 15 is a textbook formulaic recitation of an element of Plaintiff's cause of action that is totally devoid of any specific facts. Likewise, paragraph 17 does nothing more than conclude Defendants engaged in actions by simply stating they did. Plaintiff's complaint cannot survive without pleading more information on "how" Defendants exerted substantial control over Plaintiff, or "how" Defendants controlled the work schedule of Plaintiff—which Plaintiff is deliberately silent on because Plaintiff was an independent contractor who had control over his own work, schedule, etc.

B.  <u>Paragraph 16 and 18 of Plaintiff's Original Complaint are equally true statements for workers hired as Independent Contractors and do not entitle Plaintiff to relief.</u>

12.     Under prong 2 of the *Iqbal* approach, the court should assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (alteration in original) (*quoting* Fed. R. Civ. P. 8(a)(2)).

13.     Defendants contend that Plaintiffs Original Complaint is devoid of any well-plead facts, especially concerning the employment relationship between Plaintiff and Defendants. However, assuming paragraphs 16 and 18 are well pled, the information contained in those paragraphs *do not* entitle Plaintiff to relief. The fact remains that the ability to hire an individual or entity for a job and pay said individual or entity for said job at a set rate is true of both employees and independent contractors. A threadbare, formulaic recitation of a necessary element of Plaintiff's

cause of action should not be entertained by this Court, especially since it is devoid of any real factual substance.

> **2. The Court should dismiss Plaintiff's Original Complaint under FRCP 12(b)(6) against Defendant Linda Muschalek because there is no evidence that Linda Muschalek is a member, manager, or officer of Elite Fiber, nor that she engaged in any personal conduct giving rise to any duty to Plaintiff.**

14. A court may consider documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims. *Naranjo v. Nick's Mgmt., Inc.,* 652 F. Supp. 3d 737, 747 (N.D. Tex. 2023); *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Fifth Circuit precedent makes clear that a document is central to the plaintiff's claim only if "necessary to establish an element of one of the plaintiff's claims." *Naranjo,* 652 F. Supp. 3d at 747; *Kaye v. Lone Star Fund V (U.S.), L.P.,* 453 B.R. 645, 662 & n.16 (N.D. Tex. 2011) (Lynn, J.) (citing Fed. R. Civ. P. 10(c)).

15. Central to all of Plaintiff's claims against Defendant Linda Muschalek are Plaintiff's allegations that Defendant Linda Muschalek is an owner of Defendant Elite Fiber, LLC, and Defendant Linda Muschalek was an employer of Plaintiff. Both allegations found in Plaintiff's Complaint are untrue, conclusory, and are easily disproven. Defendant Elite Fiber, LLC, as shown by a copy of the Secretary of State's Certificate of Formation, has only one member with ownership interest in the company, and that is Defendant John Muschalek. Moreover, as stated above, Plaintiff has not provided *any* factual information as to how Defendant Linda Muschalek, an individual with zero ownership interest in Defendant Elite Fiber, engaged in actions that could be construed as an employer-employee relationship with Plaintiff. A plaintiff must plead enough facts to state a claim to relief that is plausible on its face to survive a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th

Cir.2007); *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), *cert. denied,* 552 U.S. 1182 (2008). It is not plausible that Defendant Linda Muschalek, an individual with zero ownership interest in Elite Fiber, engaged in actions—which, again, are not specified in Plaintiff's Original Complaint—that can be misconstrued as to creating an employer-employee relationship with Plaintiff. Accordingly, this Court should dismiss all of Plaintiff's live causes of action against Defendant Linda Muschalek with prejudice to refile the same.

3. **Alternatively, under FRCP 12(e), if this Court believes dismissal is not warranted, Plaintiff should be ordered to make a more definite statement as to Plaintiff's employment relationship with Defendants.**

16. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. FED. R. CIV. P. 12. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. *Id*.

17. Plaintiff's Original Complaint is rife with conclusory statements and do not present well pled facts for Defendant's to prepare a response. Defendants assert that, if the Court believes dismissal is not warranted, Plaintiff should make a more definite statement concerning the following:

- The method and manner Defendants exercised managerial responsibilities and control over Plaintiff;
- The method and manner Defendants exercised the authority to supervise and control the employment relationships and work schedule of Plaintiff;

- The facts regarding Defendants authority to hire and determine Plaintiff's pay being consistent with an employer-employee relationship and not an independent contractor relationship;

- The specific facts that Defendants committed actions inconsistent with Plaintiff's status as an independent contractor and more consistent with Plaintiff's claim of having an employer-employee relationship with Defendants; and

- The specific facts regarding Defendant Linda Muschalek having an employer-employee relationship with Plaintiff.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Elite Fiber LLC, John Muschalek, and Linda Muschalek (hereinafter referred to as "Defendants"), having fully answered Plaintiff's Original Complaint and having stated their affirmative defenses thereto, pray that the Court dismiss Plaintiff's claims with prejudice, deny all relief sought by Plaintiff, award Defendants costs and reasonable attorney's fees, and for such other and further relief at law or in equity to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Scott R. Breitenwischer*
Scott R. Breitenwischer
SBN: 02947695
FBN: 10827
215 S. 4th Street
Wallis, Texas 77485
713/974-1333 (Telephone)
713/974-5333 (Facsimile)
sbreitenwischer@rblegalgroup.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel listed below via the Southern District of Texas Electronic Case Management/Case Filing System (CM/EFC) on this 4th day of April, 2025.

**Douglas B. Welmaker**
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com
      and
**Josef F. Buenker**
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
jbuenker@buenkerlaw.com
ATTORNEYS FOR PLAINTIFF

                                            */s/ Scott R. Breitenwischer*
                                            Scott R. Breitenwischer