**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| *Plaintiff* | § § | |
| **v.** | § § | **CASE NO. 5:24-CV-1393** |
| **ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK, INDIVIDUALLY** | § § § § | |
| *Defendants* | § | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COME NOW, Defendants Elite Fiber LLC, John Muschalek, and Linda Muschalek (hereinafter referred to as "Defendants"), and file this their Answer to Plaintiff's Original Petition, subject to their prior filed Motions to Dismiss and Motion for a More Definite Statement under F.R.C.P. 12(b)(6) and 12(e), respectfully showing unto the Court the following:

<u>**DEFENDANTS' ORIGINAL ANSWER**</u>

Pursuant to Federal Rule of Civil Procedure 8(b) et seq., Defendants, without waiving any of their affirmative defenses, respond to the enumerated paragraphs of Plaintiff's Original Complaint as follows:

**I. NATURE OF SUIT**

1.      Defendants admit to the extent of having a business plan founded upon a clear independent contractor relationship. Defendants deny the rest of the allegations contained in Paragraph 1 of Plaintiff's Original Complaint.

2.      Defendants deny all allegations contained in Paragraph 2 of Plaintiff's Original

Complaint.

3.      Paragraph 3 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## II. PARTIES

4.      Defendants lack sufficient knowledge to either admit or deny whether Plaintiff Wesley McAnally is an individual residing in the Court's judicial district. Defendants lack sufficient knowledge to either admit or deny the authenticity of Exhibit A.

5.      Paragraph 5 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

6.      Paragraph 6 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

7.      Defendants admit Plaintiff Wesley McAnally was paid on an hourly basis as an independent contractor. Defendants deny all other allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8.      Defendants admit that Elite Fiber, LLC is a limited liability corporation formed under the laws of the state of Texas.

9.      Paragraph 9 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

10.      Defendants admit the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11.    Defendants deny the allegations in Paragraph 11 of Plaintiff's Original Complaint that claim Linda Muschalek is an owner of Elite Fiber, LLC.  Defendants admit that John Muschalek is the only owner/member of Elite Fiber.

12.    Paragraph 12 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

13.    Defendants admit the allegations in Paragraph 13 of Plaintiff's Original Complaint.

14.    Defendants admit the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15.    Defendants deny all allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16.    Defendants deny all allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

17.    Defendants deny all allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18.    Defendants deny all allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

19.    Defendants deny all allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

20.    Defendants deny all allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

### III. JURISDICTION AND VENUE

21.    Paragraph 21 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required.

22.     Paragraph 22 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have committed any actions in Texas that would give rise to any cause of action, or have any relationship with Plaintiff(s) other than as independent contractors.

23.     Paragraph 23 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they are responsible for and part of the alleged events or omissions giving rise to Plaintiff's cause of action.

### IV. COVERAGE UNDER THE FLSA

24.     Paragraph 24 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

25.     Paragraph 25 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

26.     Paragraph 26 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

27.     Paragraph 27 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

28.     Paragraph 28 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations

therein.

29.     Paragraph 29 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

## V. FACTUAL ALLEGATIONS

30.     Defendants admit the first sentence of Paragraph 30 of Plaintiff's Original Complaint and deny the remaining allegations therein.

31.     Defendants deny all allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

32.     Defendants deny all allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

33.     Defendants deny all allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

34.     Defendants deny all allegations contained in Paragraph 34 of Plaintiff's Original Complaint.

35.     Defendants admit overtime compensation was not paid to independent contractors such as Plaintiff. Defendants deny the rest of the allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

36.     Defendants deny all allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

37.     Defendants deny all allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

38.     Defendants deny all allegations contained in Paragraph 38 of Plaintiff's Original

Complaint.

39.     Defendants deny all allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

40.     Defendants deny all allegations contained in Paragraph 40 of Plaintiff's Original Complaint.

## VI. COLLECTIVE ACTION ALLEGATIONS

41.     Defendants deny all allegations contained in Paragraph 41 of Plaintiff's Original Complaint.

42.     Defendants deny all allegations contained in Paragraph 42 of Plaintiff's Original Complaint.

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43.     Defendants deny all allegations contained in Paragraph 43 of Plaintiff's Original Complaint.

44.     Paragraph 44 of Plaintiff's Original Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraphs and subparts (a – f)  that follow section VIII of Plaintiff's Original Petition titled "Prayer For Relief."

## DEFENDANTS' GENERAL DENIAL

Unless expressly admitted by Defendants herein, the allegations set forth in Plaintiff's Original Complaint are denied. Defendants deny any wrongdoing, impropriety, or violation of law asserted by Plaintiff.

## AFFIRMATIVE DEFENSES

FIRST DEFENSE

1.      *Independent Contractor Status* – Plaintiff and all purported or potential class members are independent contractors by any standard, even many operating under their own LLC's.  As such every allegation of Plaintiff is completely groundless and the FLSA does not even apply.

SECOND DEFENSE

2.      *Lack of Standing* – Plaintiff and all purported or potential class members lack standing under any cause of action or statute alleged.

THIRD DEFENSE

3.      *Breach of Contract* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs are in breach of their agreements with Defendants.

FOURTH DEFENSE

4.      *Estoppel* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs are estoped by their own conduct to claim any right to damages or other monetary relief from Defendant.

FIFTH DEFENSE

5.      *Laches* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in

whole or in part by the doctrine of laches.

SIXTH DEFENSE

6.    *Accord and Satisfaction: Payment* – Plaintiffs' claims, or some of them, are barred in whole or in part by the principles of accord and satisfaction and payment. Assuming, arguendo, that Plaintiffs, or some of them, are/were employees within the meaning of the applicable law, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred in whole or in part by the receipt of compensatory time off.

SEVENTH DEFENSE

7.    *Release* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

EIGHTH DEFENSE

8.    *Waiver* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

NINTH DEFENSE

9.    *Unclean Hand / In Pari Delicto* – Pending further discovery, Plaintiffs' claims, or some of them, are barred in whole or in part by the doctrine of unclean hands and in pari delicto.

TENTH DEFENSE

10.    *Knowing Submission / Consent* – Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs knowingly submitted to and acquiesced in the actions alleged in the Amended Complaint.

ELEVENTH DEFENSE

11.    *Unavailability of Penalties* – To the extent Plaintiffs seek penalties, punitive damages, or exemplary damages, they fail to state facts sufficient to support such claims, and

such claims are precluded by statute or violate the Due Process rights of Defendant.

TWELFTH DEFENSE

12.     *Setoff and Recoupment* – If any damages have been sustained by Plaintiffs, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs owed to Defendant against any judgment that may be entered against Defendant.

THIRTEENTH DEFENSE

13.     *Express Contract* – Plaintiffs' claims, or some of them, are barred in whole or in part because they entered into an express contact with Defendant.

FOURTEENTH DEFENSE

14.     *Conduct Reasonable and in Good Faith / Not Willful* – Assuming, arguendo, that Plaintiffs, or some of them, are/were employees within the meaning of the applicable law, which Defendant specifically denies, and assuming, arguendo, that any such Plaintiff, is entitled to relief under applicable law, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred, in whole or in part, on the ground that Defendant acted in good faith, with a good faith and reasonable belief that Defendant had complied fully with federal and state law, with a bona fide dispute as to the obligation of payment, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals, and/or interpretations of federal and/or State agencies. Furthermore, assuming, arguendo, that a violation of Federal or Texas law occurred, which Defendant specifically denies, Defendant's conduct was not willful.

FIFTEENTH DEFENSE

15.     *Deduction Authorization* – Assuming, arguendo, that Plaintiffs, or some of them, are/were

employees within the meaning of the applicable law, which Defendant specifically denies, and assuming, arguendo, that any such Plaintiff is entitled to relief, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred, in whole or in part, on the ground that Plaintiffs, or some of them, voluntarily authorized the deductions in writing and that such deductions are authorized.

SIXTEENTH DEFENSE

16.    *Failure to Offer to Return Consideration* – Plaintiffs' claims, or some of them, are precluded from seeking rescission because they have failed to offer to return the consideration they have received under the contracts they seek to rescind.

SEVENTEENTH DEFENSE

17.    *Primary Jurisdiction* – Plaintiffs' claims, or some of them, are subject to the primary jurisdiction of the U.S. Department of Labor, the U.S. Department of Transportation, and the Texas Department of Labor.

## JURY DEMAND

Defendants demand a trial by jury pursuant to F.R.C.P. 38 and 39, et seq.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend their Answer to Plaintiff's Original Complaint to raise any additional allegations, defenses, and/or other matters as additional facts are obtained through discovery and investigation during the course of this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Elite Fiber LLC, John Muschalek, and Linda Muschalek (hereinafter referred to as "Defendants"), having fully answered Plaintiff's Original Complaint and having stated their affirmative defenses thereto, pray that the Court dismiss Plaintiff's claims with prejudice, deny all relief sought by Plaintiff, award Defendants

costs and reasonable attorney's fees, and for such other and further relief at law or in equity to which Defendants may be justly entitled.

Respectfully submitted,

RB LEGAL GROUP, PLLC

By:    */s/ Scott R. Breitenwischer*
      Scott R. Breitenwischer
      State Bar No. 02947695
      FBN: 10827
      215 S. 4th Street
      Wallis, TX 77485
      Telephone: (713) 974-1333
      Facsimile: (713) 974-5333
      sbreitenwischer@rblegalgroup.com

**ATTORNEY FOR DEFENDANTS,**
**ELITE FIBER, LLC, JOHN MUSCHALEK,**
**AND LINDA MUSCHALEK, INDIVIDUALLY**

**DESIGNATED E-SERVICE EMAIL ADDRESS**
**The following is the undersigned attorney's designated e-service email address for all eserved documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a) & Fed. R. Civ. P. 5: NOTICE@RBLEGALGROUP.COM. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel listed below via the Southern District of Texas Electronic Case Management/Case Filing System (CM/EFC) on this 4th day of April, 2025.

**Douglas B. Welmaker**
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com
    and
**Josef F. Buenker**
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
jbuenker@buenkerlaw.com
ATTORNEYS FOR PLAINTIFF

                                 */s/ Scott R. Breitenwischer*
                                 Scott R. Breitenwischer