UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:24-cv-1393 |

## RESPONSE TO MOTION TO DISMISS

Plaintiff files this Response to Defendants' Combined Motion to Dismiss and Motion for a More Definitive Statement of Plaintiffs' Original Complaint:

1. Since Plaintiff has filed an amended complaint, Defendants' Motion is moot.

2. Defendants filed an answer in this case.[1] Defendants' answer demonstrates that they were clearly put on notice of the claims that Plaintiff has asserted in this lawsuit. Defendants admitted, denied, or indicated that such was not necessary, to each paragraph of Plaintiff's original complaint. Defendants did not indicate in their answer that they did not understand the claims being made against them or that they were unclear on an allegation and could not respond thereto. Defendants' answer shows that they understand that Plaintiff is making a claim for unpaid

---

[1] Court's Docket No. 19.

overtime pay under the FLSA, and also shows that their defense to Plaintiff's allegation is that Plaintiff was not an employee of the Defendants but instead an independent contractor.

3. Although Plaintiff contends that his original complaint meets all the required pleading parameters, he has filed an amended complaint. The original complaint filed in this matter certainly put the Defendants on notice that:

- Plaintiff asserts that he worked for Elite Fiber, LLC as an employee, although misclassified as an independent contractor;
- Plaintiff asserts that he was not paid overtime pay as required by the FLSA;
- Plaintiffs asserts that John Muschalek and Linda Muschalek controlled the business and made the determination that Plaintiff and others working for Defendants as misclassified as independent contractors would not be paid overtime pay;
- Plaintiff asserts that John Muschalek and Linda Muschalek were his "employer" under the FLSA's definition of the term;
- Plaintiff asserts that all fiber optic technicians who worked for Elite Fiber, LLC were paid in the same illegal fashion and are thus "similarly situated" under the FLSA; and
- Plaintiff asserts that all individuals who are similarly situated should be given the opportunity to join this lawsuit.

4. Defendants' Motion to Dismiss is moot due to the filing of the Plaintiff's First Amended Complaint. The facts and claims alleged in Plaintiff's First Amended Complaint even more comprehensively put Defendants on notice of Plaintiff's claims, which is the Complaint's primary purpose, and satisfy the requirements of Fed. R. Civ. P. 8(a). A complaint must include "a short and plain statement of the claim showing the [plaintiff] is entitled to relief..." Fed. R. Civ. P. 8(a)(2). Therefore, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need

detailed factual allegations,' but must provide the Plaintiffs' grounds for entitlement to relief- including factual allegations what when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint must state a 'plausible claim for relief' in order to survive a motion to dismiss.'" *Neman v. Greater Houston All-Pro Auto Interiors, LLC,* CA 4:11-cv-03082, 2012 WL 896438, at *2 (S.D. Tex. March 14, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff". *Hickerson*, at *1.

## CONCLUSION

When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel,* 453 F.Supp.2d 961, 972 (N.D.Tex.2006); *McCollim v. Allied Custom Homes, Inc.*, No. CIV. A. H-08-3754, 2009 WL 1098459, at *2 (S.D. Tex. Apr. 23, 2009). Such was the case here with regard to Plaintiff's original complaint, as the Defendants filed a responsive pleading (an answer to every allegation in the complaint) and were thus not impeded from responding.

The Court should deny Defendant's Motion to Dismiss Plaintiff's Complaint.

    Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206

        713-868-3388 Telephone
        713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**

Welmaker Law, PLLC

/s/ *Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 25, 2025, I electronically filed a copy of the foregoing Response to Motion to Dismiss and served it by electronic transmission through the Court's CM/ECF system.

        */s/ Josef F. Buenker*
        Josef F. Buenker