UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WESLEY MCANALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CA NO. 5:24-cv-1393-JKP-HJB |
| ELITE FIBER, LLC, JOHN MUSCHALEK AND LINDA MUSCHALEK, INDIVIDUALLY, | § § § § § | |
| DEFENDANTS | § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Plaintiff Wes McAnnally and Defendants Elite Fiber, LLC, John Muschalek and Linda Muschalek file the following Joint Rule 26 Report, and in support thereof, would show the following:

**1.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Response:**

Plaintiff seeks to send out notice of this matter to all similarly situated employees under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. In order for Plaintiff to prevail on his FLSA claim against Defendants, he must show that 1) Defendants employed Plaintiff; 2) Defendants are an enterprise engaged in commerce or in the production of goods for commerce; and 3) Defendants failed to pay Plaintiff overtime pay. U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 11.24(A)(1) (2020). Defendants assert various defenses, as set forth in the Answer and Motion to Dismiss, including but not limited to; that Plaintiff was clearly an independent contractor and not an employee by any objective standard, along with any and all others allegedly similarly situated;  further, that Defendant Linda Muschalek has no personal involvement or liability to Plaintiff or anyone similarly situated. Defendants are reviewing evidence in support of potential counter-claims.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

**Response:**

Not applicable.

   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

**Response:**

Not applicable.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

**Response:**

There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

**Response:**

Not at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

**Response:**

Not at this time.

6. **Are there any issues about preservation of discoverable information?**

**Response:**

No.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

**Response:**

This is not presently an issue.  The parties expect to cooperate regarding use and production of ESI.

8. **What are the subjects on which discovery may be needed?**

**Response:**

Plaintiff seeks preliminary discovery (Phase I discovery) as to the appropriateness of notice issuing in this matter, and specifically as to whether the putative class members are similarly situated (i.e., whether the potential class members performed the same basic tasks and were subject to the same pay practices). If the Court grants Plaintiff's Motion for Notice, Plaintiff will then seek more traditional discovery regarding Plaintiff's and any opt-in's claims, damages and Defendants' defenses.

Defendants will seek preliminary discovery (Phase I) as to whether Plaintiff is similarly situated to other employees.  If the Court grants Plaintiff's Motion for Notice, Defendants will then seek more traditional discovery regarding the claims of Plaintiff and any opt-in members of the class, their damages, and Defendants' defenses.

Defendants believe that basic discovery regarding the relevant "factors" in determining the existence of an employment relationship is appropriate for early discovery.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

**Response:**

Neither party has yet made initial disclosures.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

**Response:**

No discovery has been undertaken at this time, and there is no agreement regarding the discovery at this time.

11. **What, if any, discovery disputes exist?**

**Response:**

None at this time.

**12.** **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

**Response:**

While there has been no discussion, it is possible that a proposed Rule 502 Order may be forthcoming.

**13**. Have the parties discussed early mediation?

**Response:**

There has been no discussion of early mediation.

**14**. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention? Response:**

Not at this time.

/s/ *Douglas B. Welmaker*          May 13, 2025
Counsel for Plaintiff(s)             Date


/s/ Scott Breitenwischer           May 12, 2025
Counsel for Defendant(s)          Date